November 5, 1993 [NOT FOR PUBLICATION]
 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 

No. 91-1032

 BANK OF NEW ENGLAND ESSEX, F/K/A,
 ESSEXBANK,
 Plaintiff, Appellee,

 v.

 MV BOBCAT, O.N. 517619, ETC., ET AL.,
 Defendants, Appellees,

 

 PAUL A. SEKENSKI, JR.,
 Defendant, Appellant.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. Douglas P. Woodlock, U.S. District Judge]
 

 

 Before

 Breyer, Chief Judge,
 
 Torruella and Selya, Circuit Judges.
 

 

 Carroll E. Ayers on brief for appellant.
 
 Ann S. Duross, Assistant General Counsel, Richard J.
 
Osterman, Jr., Senior Counsel, and Daniel H. Kurtenbach, Counsel,
 
Federal Deposition Insurance Corporation, on brief for appellee.

 

 

 Per Curiam. Appellant Paul Sekenski, Jr., appeals the
 

denial by the district court of his motion for

reconsideration. We find that we have no jurisdiction to hear

this appeal.

 I

 This case began in December 1988 when the Bank of New

England Essex [Bank] filed an admiralty and maritime claim

against the vessel MV Bobcat, in rem, and against Northeast
 

Atlantic Transport, Ltd. [NAT], and Paul Sekenski, in
 

personam. The Bank sought collection on a promissory note
 

made by NAT, foreclosure on a mortgage on the vessel that

secured the note, and judgment against Sekenski who had

personally guaranteed NAT's obligation. Sekenski filed a

counterclaim in December 1988.

 In March 1990, the district court granted summary

judgment to the Bank on its affirmative claims. In October

1990, the court granted summary judgment to the Bank against

the counterclaim. Sekenski's motion for reconsideration was

denied. In December 1990, Sekenski filed a notice of appeal

from the order denying reconsideration. After the appeal had

been filed, the Federal Deposit Insurance Corporation [FDIC]

was appointed receiver for the Bank. In March, the FDIC as

receiver moved this court for a stay of appeal 

 unless, and until, the claims against the Bank of

 New England, N.A. . . . have been duly presented to

 -2-

 and disallowed by the FDIC, as Receiver of the Bank

 of New England, N.A., pursuant to [12 U.S.C. 

 1821(d)(3), (5), (6), and (13)(D)]. 

The motion also noted that "this Court has no subject matter

jurisdiction to adjudicate the [claims] unless, and until,

the claimant has completed the claims process." 

 In an order dated April 16, 1991, this court ordered a

stay of "appellate proceedings until appellant's claim has

been presented to and disallowed by the FDIC, see 12 U.S.C. 
 

1821(d)." On July 20, 1993, in accordance with Sekenski's

request, this court ordered the appeal to proceed in the

normal manner. The FDIC now represents, and Sekenski has not

denied, that Sekenski never filed an administrative claim

with the FDIC. 

 II

 The Federal Institutions Reform and Recovery Act

[FIRREA] governs the filing, determination and payment of

claims made against the assets of a failed institution after

the FDIC has been appointed receiver. Anyone with a claim

against the assets of a failed institution must submit an

administrative claim to the FDIC within a prescribed period.

12 U.S.C. 1821(d)(5)(C). This includes those who are

"continu[ing] an action commenced before the appointment of

the receiver." 12 U.S.C. 1821(d)(6)(A). "[P]articipation

in the administrative claims review process [is] mandatory

 -3-

for all parties asserting claims against failed institutions,

regardless of whether lawsuits to enforce those claims were

initiated prior to the appointment of a receiver." Marquis
 

v. Federal Deposit Ins. Corp., 965 F.2d 1148, 1151 (1st Cir.
 

1992) (footnote and citations omitted). "Failure to

participate in the administrative claims process is a

'jurisdictional bar' to judicial review." Heno v. Federal
 

Deposit Ins. Corp., 996 F.2d 429, 432 (1st Cir. 1993); 12
 

U.S.C. 1821(d)(13)(D). 

 Sekenski was given notice, as required by the statute,

by publication and by mailing, 12 U.S.C. 1821(d)(3)(B)-(C),

that he must comply with the administrative claims process.

The order of this court granting a stay in this case also

cited 12 U.S.C. 1821(d) and granted the stay "until

appellant's claim has been presented to and disallowed by the

FDIC." Since Sekenski failed to comply with the

administrative claims process, we are without jurisdiction to

hear his appeal. See Resolution Trust Corp. v. Mustang
 

Partners, 946 F.2d 103, 106 (10th Cir. 1991) (court has no
 

jurisdiction over counterclaim because "Mustang's right to

continue pursuing its pending lawsuit is dependent upon its

compliance with FIRREA's claims procedure").

 The appeal is dismissed for lack of subject matter
 

jurisdiction.
 

 -4-